Thank you, Your Honor. May it please the Court. The District Court misapplied HECV Humphrey in multiple cases. Our appellant's claims for prospective relief challenging the future enforcement of Cedar Park's headshot ordinance. Each misapplication independently requires reversal here. Other proceedings have influenced the order in which I'd like to address the District Court's mistakes. Tomorrow morning, the Supreme Court will hear oral argument in Olivier v. City of Brandon from this Court, at which two issues will be addressed there. One, or HEC's application to one claims, like the appellant's, that seek prospective relief against future enforcement of an allegedly unconstitutional statute. And two, HEC's application to plaintiffs, also like appellants, who are not in custody. Given that application, I'd like to begin the merits discussion with a ground that is not at issue in the Supreme Court, and that is HEC's application where there is no outstanding conviction, and in the case of M&K, no prosecution at all. But before I get to the merits, I'd like to briefly address jurisdiction. Cedar Park's brief raises two eleventh-hour jurisdictional challenges. One to this Court's appellate jurisdiction, and one to the District Court's jurisdiction. Precedent from this Court forecloses both. Cedar Park argues that because the claims here were dismissed without prejudice, this Court lacks appellate jurisdiction. Of course, in Cook v. City of Tyler, this Court said that in a case like this, where the question is whether HEC even applies, this Court has jurisdiction. Cedar Park does not dispute that this appeal is about whether HEC applies, and therefore precedent firmly establishes this Court's jurisdiction. Likewise, Cedar Park's argument that HEC itself is a jurisdictional rule is foreclosed by this Court's decision in Colvin v. LeBlanc. And unless the Court has questions on jurisdiction, I will move on to the merits. Both HEC and this Court's precedent say that the HEC bar comes into play only if there is an outstanding criminal conviction. HEC says, quote, if the District Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of an outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. There is no outstanding conviction here. Assume that if there had not been an appeal from municipal court, the result would be different. Yes, Your Honor. Even though it's not a court of record, it would be a conviction that would count for purposes of HEC. Yes, Your Honor. At that point, the criminal proceedings would no longer be ongoing, and there would be a final judgment and a final determination of guilt, which under De Leon triggers HEC. But unlike other appeals in other circumstances, appealing from the municipal court means it's thrown out. That's correct, Your Honor. Even though there's nothing. Yes, Your Honor. It becomes something, but there's nothing. That's correct, Your Honor. And as we pointed out in our reply brief, the word appeal is used in the statutes, but the Supreme Court of Texas has been clear that it's actually a trial. This is all sort of one ongoing proceeding as described by the U.S. Supreme Court in Leiden. Which is, like, different from the case we just had. That person has been convicted and comes up on appeal. This is a situation where it's gone, and now it's starting over in the trial court, right? That's correct. And in fact, the Court of Criminal Appeals of Texas, talking about this criminal case, said that Kleinman and Ospro have not been finally convicted. And in fact, what their current state is that they are under threat of prosecution. And so, because there's no outstanding conviction, there is no risk that any ruling by the trial court would undermine some outstanding conviction. MMK is even easier. In fact, early on in this case, Cedar Park moved to dismiss MMK for lack of standing because MMK had never been prosecuted. That's at ROA 847. And Cedar Park doesn't dispute that the heck part does not apply to third-party claims. It simply argues that MMK is not a third party, that it is not a legally independent entity. Texas law forecloses that argument. Partnerships in Texas are legally distinct entities. I think the criminal case here sort of bears that out, as they prosecuted Kleinman and Ospro separately, not as a single entity. And because MMK has not been prosecuted, there's obviously no outstanding conviction. And so, the same arguments would apply there, except with an even stronger force. Cedar Park and the district court also relied on privity. Now, they did so to say that MMK was the same entity, which of course, Texas law is clear that it's not the same entity. But even on its own terms, privity is a preclusion concept that Cedar Park recognizes and heck is not a preclusion rule. State law privity has nothing to do with the application of Heck v. Humphrey. There is a second ground on which you can rule for the appellants here without touching on anything in front of the Supreme Court right now, that is, although it's limited to the state law preemption claim, Cedar Park's arguments and the district court's summary judgment order conflict with two important rules that govern this case. The first is that when a federal district court is exercising supplemental jurisdiction, it applies the substantive law of the state in which it sits. The second is that federal court is not the place to innovate state law. The district court said that there's no Fifth Circuit decision saying whether or not Heck applies to a state law claim. Well, there didn't need to be because Heck is clearly a federal law rule. It is a question of statutory interpretation of Section 1983. Per force, it does not apply to a state law claim. And secondly, the district court, because it reached that conclusion, never looked to any state court decisions. We raised some in order to show that none has adopted Heck with any thorough reasoning, and even the ones that have, there's been no case that has applied a Heck rationale to a state court claim that was not a damages claim. It's never been applied in Texas to a claim for perspective relief. And it's never been applied to a claim like a preemption claim. If you could write the final paragraph of an opinion that this panel might issue deciding the case in your favor, what would it say? What if anything would it tell the district court to do on remand? It would essentially tell the district court to move on from Heck and consider the other issues in the case. It would reverse the summary judgment order, dismissing the claims, because those were based on Heck, and it would remand for further proceedings. Okay, but what would those further proceedings be in your view? Well, from our perspective, they would go to the merits of our claims. I'm sure that there are other issues that — Would it include, for example, the collateral estoppel issue? It likely would include briefing or argument on collateral estoppel. I'm not here to concede that they have a viable collateral estoppel defense. They have raised it in a limited sense, as to certain claims, but yes, it's available for them to argue. It's available for us to argue against it. That's correct. You know, they've raised other points in their motion for summary judgment, including I believe they raised abstention as to the preemption claim. They raised collateral estoppel as to the pretrial habeas issues, and I think, you know, those are open for them to raise again if they'd like, and we can address those, should they. But the main thing here, the thing that this Court has jurisdiction over is the Heck issue. All those claims are not within this Court's pendent jurisdiction on a Heck issue, and so I think we would leave those for the district court in the first instance. Moving to the prospective relief issue, should the Court decide to reach that issue, I think the Court has already seen that question multiple times, and many judges have written on it. I don't have too much to add to what they've said, except what you said in our brief was to point out the prior precedent in which this Court distinguished prospective relief from a claim that is barred by Heck and did so shortly after Heck was issued. I think that can influence the view of Clark. Of course, even if Clark goes as far as the unpublished decision in Olivier said it did, we would adopt all the arguments that have already been made by judges in this Court that Clark is no longer good law, given the clarification from the Supreme Court. If the Court has no further questions for me on any of those issues, I will yield back the remainder of my time here and wait for rebuttal. You've saved time for rebuttal. Thank you. Thank you so much. Mr. Dantner? Good morning. May it please the Court. Cutting to the chase on the jurisdictional issue, I think at this point that it is clear that this Court has jurisdiction over the issue of whether Heck applies. I don't think it's for the same reason that the reply brief suggests, but I've concluded that the issue about the de novo appeal and whether or not that's a conviction under Heck, even though their argument is wrong, that it's not jurisdictional in nature. We pointed out in our brief, even though I don't think it's relevant now, that several of the prior cases were on final judgments with prejudice and thought at the time that was a distinction. I've since concluded that the form of the judgment in a case involving Heck really has virtually no bearing on whether or not that decision is final and whether there's appellate jurisdiction. And so, moving on from that, what I want to do is to try to remind this Court, which feels United States federal and state law, the Horry principle of state law competence, of comity of the two systems of courts that we have, and what Heck means in that context. I intend to show you that in this case, prospective relief cannot possibly fail to imply the invalidity of the conviction. I'll get to the de novo conviction question later, but two of the appellants here were convicted in jury trials on a not guilty verdict. Subsequent to that time, they pleaded no contest to over 200 additional cases, and those cases went up on appeal. When we look at the case law, Wilkinson v. Dotson being the case cited in footnote five in the Wilson decision, which says that future prospective relief doesn't fall under Heck, shows us that the only question is whether the conviction necessarily implies test is  Wilkinson says it has never mattered whether the plaintiff was in custody or what type of relief was sought. Wilkinson quotes Heck to say that such a case could only proceed if it will not demonstrate the invalidity of any outstanding criminal judgment. Attached to the plaintiff's materials in this case, I believe it's ROA 24045, is a chart that shows the other three pending state cases. The pending de novo appeals, the pending habeas proceedings that's been to the Texas Court of Criminal Appeals, and the civil penalties case were all of the same issues about the constitutional stability of this zoning ordinance are being litigated in the state courts. I assume you acknowledge that for a municipal conviction, it matters whether it was appealed and there's an appeal pending, as distinguished from a case in which there was no appeal. I acknowledge that, and what I will do, Your Honor, is I will briefly shift and come back to my primary argument here, but I'll move to the de novo question because it seems untenable to claim that the filing of a piece of paper after a jury trial that says I need my do-over means that there has been no conviction. When this court reads the Supreme Court's decision in Boston Municipal Judges v. Leiden on double jeopardy, and it says there's been no termination of this criminal prosecution that establishes jeopardy. It's not a heck case, but it's the same principle. De Leon v. Corpus Christi out of this court applies these same principles to a deferred adjudication. That opinion says the court actually didn't convict but found the evidence sufficient for a conviction in order to impose deferred adjudication. Both of those cases say, and the Court of Criminal Appeals decision in the N. Ray Kleinman habeas case says, there are convictions that are not yet final. The Texas procedure for a de novo trial is a do-over. It means that the slate is clean for a second bite at the factual apple and the legal apple. But how is that any different than a felony conviction that's on appeal to the Court of Criminal Appeals? And then it comes back on remand several years later, and they get tried again, and they have a subsequent appeal. Those convictions are not yet final. The single piece of paper that says I'm going to get a blank slate and a second bite at the apple doesn't mean there hasn't been a jury trial and a conviction and an opportunity to raise all of these issues. We believe that De Leon, Kleinman, and the case out of the Supreme Court mean that a de novo appeal does not set aside heck, but you read heck to see what the answer is. That's what De Leon counsels. Heck says you need a termination in favor of the accused. The do-over on a de novo appeal is not a termination where anybody has adjudicated constitutionality or factual innocence. So back to what I was saying about the scope of heck, if the Court will, McDonough v. Smith cited in most of the cases, including Olivier and including Wilson, as heck explains, malicious prosecution's favorable termination requirement is rooted in pragmatic concerns with avoiding parallel civil and criminal litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments. That chart that the plaintiffs file that shows the three pending state proceedings, all of which would crater if Judge Ezra signs a decree that says this is an unconstitutional ordinance and I'm ordering you prospectively not to prosecute them for it. That opinion is going to show up in every brief, in every state proceeding, and it's going to control those proceedings, just like this Court held in Clark v. Stalder. Now, I will mention to the Court and apologize, Clark v. Stalder is miscited for this issue of the de novo appeal. It didn't involve one. Your Honor probably knows you were on that panel. Clark v. Stalder had to do with disciplinary rule number three in an incident that happened with a prison guard. When the Court looks at all of these cases like Wilkinson that are cited for the prospect of future prospective relief, what we see is that Priester v. Rodriguez, Wolf v. McDonald, Edwards v. Balasag, Wilkinson v. Dotson, and Clark v. Stalder all have to do with somebody that's been convicted for some crime, and now they are fighting with the prison system about the length of their incarceration, their good time credits, whether or not they committed a disciplinary violation, and what happens in their parole, which was the Wilkinson case. None of those cases impair the underlying criminal conviction. They have to do with the duration . . . Okay. Let's for a moment put aside the criminal convictions and talk about MMK. What is your best case on that? Because that person was not convicted. That is very true. That entity was not convicted. That is very true. And the question, Your Honor, is whether or not the privity of related interests means that MMK, which is an entity belonging to Michael Kleinman who was convicted, and OSPRO, another entity of Michael Kleinman's, we're not arguing that they're not legally distinct under the law, and Judge Ezra didn't say that either. He said that a decision in favor of MMK would have the prohibited impact on the proceedings for the other two, a ruling for MMK that this ordinance is unconstitutional is going to have the same impact on those proceedings that Heck prohibits. And that's our answer to that question. And I thank you for it. But what's your best case that you can cite on that? I don't think that I have a case noted here in my notes for today. I know that Judge Ezra's decision cites a case under Texas law for the fact that the related interests of the parties, the order found that all three parties shared an identity of interest and cites a decision about that, obtaining a judgment that the head shop's ordinance is unconstitutional would have the impermissible impact on the two convicted defendants. We further argue, and we cite a case in our brief for this, that under principles of equity, MMK can't be disadvantaged by inadequate litigation of the issues that they are seeking to raise independently because they are fully represented by a party with identical interests. And I apologize that I don't have the case in my mind. So, one of the further quotes out of McDonough says that the proper approach in our federal system generally is for a criminal defendant who believes the criminal proceedings against him rest on knowingly fabricated evidence, which is one type of tort, not different than the selective prosecution one alleged here, to defend himself at trial and if necessary attack any resulting conviction through collateral review proceedings. That's going on. That's why the dismissal without prejudice here is appropriate so that the state court proceedings can come to a conclusion. One of the things that I looked at in sorting out jurisdiction here is whether or not this court might not have jurisdiction now but would when there is a final conviction in the underlying issue in the state courts. But in any event, the record shows all of these criminal convictions that are still in a process, as the Leiden case talks about, the Court of Criminal Appeals merely says that there are convictions but they are not yet final. So, your concurrence, Your Honor, in Wilson and Justice Richmond's dissent from denial for en banc review in Olivier both show the importance of opportunities and obligations to litigate these issues, including collateral estoppel and issue preclusion in the state proceedings. That is the core of our argument and it is a part of what this court must constantly struggle with. What are the state courts going to do and how is that going to have a bearing on whether or not federal judicial relief is available? The thing that answers the dissent, the opinions by Judge Oldham, the dissent from denial for en banc review, the dissent by Judge Ho, why can't you just go to the federal courthouse and enjoin a future prosecution? It doesn't work in this case because it will obliterate and torpedo the three pending state proceedings. It takes them over and substitutes a federal outcome under 1983. And we believe it is clearly barred by the Heck rule. In denying the en banc review, the court declined to resolve the issue about prospective future relief and that's going to be argued tomorrow. So one of the things, if you invited me to say what would you do, I would affirm the without prejudice ruling in front of Judge Ezra because if they win on their de novo appeal, if they win on their habeas proceeding, if they prevail in their appeal from the civil penalties raising the same constitutional questions, then they have a co-ate claim that has matured and the elements are satisfied. If they win under whatever decision Olivier issues and defines if and when future prospective relief is available, they amend their pleadings in front of Judge Ezra and we go forward. Barty addressed the de novo question. I think that the other case is cited in the brief, although they don't address that as closely as the three that I have discussed in this argument. They all, every case that we could find stands for the proposition that if there has been a proceeding reaching a guilty result, then until there is an on the merits decision in favor of the accused, Heck continues to stand in the road and block the way. So we believe the district court was correct to dismiss the claims against MMK for the reasons that I have talked about. Under the preemption issue, which I think is my last point, our brief cites six cases, all Texas cases, that all apply Heck to state law claims. City of Houston v. Busby is one of those. It's quoted in our brief at page 26 and it lists multiple cases that apply Heck to state law torts. The reply brief on the other side says, well, but they don't deal with the precise issue of preemption and they don't deal with the precise issue of future prospective relief. Well, that's true. They don't. They deal with whether or not Texas courts are going to apply Heck when there's been a conviction so that you can't assert state torts that are inconsistent with that prior judgment. The Conroy case did involve both damages and a request for an injunction. I can't tell from the opinion whether or not that was solely a prospective injunction. Their pleadings here don't even ask for solely a prospective injunction. They ask to enjoin enforcement of this ordinance right now, which would mean that those appeals in the county court at law would have to stop if Judge Ezra issued that order. We think that is a blatant violation of the Heck rule and I thank the court for your attention. I'm sort of surprised about your statement about just filing a piece of paper, meaning a notice of appeal, shouldn't make any difference. For example, we have a whole body of law that's undisputed that if you have a criminal conviction, some great big huge case with huge damages and restitution and jail sentence and all the convicted defendant dies, then that negates all of the restitution order from his estate. That's just the filing of a piece of paper can make a difference in hundreds of thousands or millions of dollars simply because a convicted person died. And because it wasn't final because they died. I understand. I understand. But that's just the filing of one piece of paper. And I would just re-urge again, when Heck says if there's been a conviction, unless it is set aside in favor of the defendant and having a second bite at the apple in a de novo appeal is not an adjudication on the merits in any wise, we believe that's the answer. And unfortunately, I can't find a case that applies Heck in the middle of this window where there's a pending and unresolved de novo appeal. Olivier involved a de novo appeal, but he, you know, abandoned that and he was on probation and so that was final and it wasn't up in the air like it is here. All right. Thank you, Mr. Denton. Mr. Lafond for rebuttal. Thank you, Your Honors. Thank you, Your Honor. I'll first address arguments specific to Kleinman and Ospro. My friend says that there needs to be a favorable termination because there was a conviction sometime in the past and that that's what Heck says. In fact, what Heck says is the favorable termination rule applies when there is an outstanding conviction and there is no outstanding conviction here and De Leon makes this even more clear because De Leon says, quoting a prior case, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence. If so, then the claim is barred unless the plaintiff can show favorable termination. First, you look to see whether or not there is an outstanding conviction. If there's not, you don't get to favorable termination and that's what we have here. And there is a case directly on point, again, De Leon, which looked first to whether or not, it looked deeply into whether or not Heck applied to ongoing criminal proceedings and it said that it did not. My friend tries to equate this to an appeal in an appellate court after final judgment. I think that courts have widely recognized that there is a finality in the trial court that is the sort of legal finality and then there is a sort of final as in there is nothing left to do. In this case, you have not reached, as De Leon says, a final determination of guilt, which is what mattered in that case and should matter here. My friend's concern about controlling state proceedings is misguided. Number one, our claim is against Cedar Park. It is the state of Texas that is the party in those criminal proceedings. No injunction against Cedar Park is going to control the state. And even if it would, that's simply a question of judgment formation, not a question of Heck. A judgment can be formed that cuts out current proceedings if that were necessary, which it is not, because again, these claims are against Cedar Park, not the state. As to MMK, my friend says that he did not argue that they were not a legally distinct entity. At a brief at 18, he says MMK is, quote, not a legally distinct entity. That was the basis of their argument. It's what the district court said. And there is no support for that. There is none. The district court offered none because there is none. This would be, I mean, the district court's reasoning shows too much. If MMK were prosecuted and it was acquitted, the district court's reasoning would say that MMK's claim has to fail because it could influence the proceeding of a third party. That is contrary to Heck, which has multiple times that it's focusing on the plaintiff and the plaintiff's conviction, not a third party. It would also create a conflict with the Sixth Circuit, which has clearly said that Heck does not apply to third party claims. And unless the court has any questions on those matters, I will yield back the remainder of my rebuttal time. Thank you, Mr. Define. Your case is under submission. Thank you very much, Your Honor.